UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE R. CARLSON,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,[1]<br><br>           Defendant. | No.: CV-12-42-EFS<br><br>**ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION** |

Before the Court, without oral argument, are cross-summary-judgment motions. Plaintiff Michelle R. Carlson appeals the Administrative Law Judge's (ALJ) denial of benefits after October 23, 2009. ECF No. 5. Ms. Carlson contends the ALJ erred in determining that her psychological and physical impairments do not constitute a disability after October 23, 2009. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision that Ms. Carlson is capable of returning to her past relevant work as a medical biller. After reviewing the record and relevant authority, the Court is

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this lawsuit. No further action need be taken to continue this lawsuit. 42 U.S.C. § 405(g).

ORDER - 1

fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Ms. Carlson's motion and grants the Commissioner's motion.

**A.   Statement of Facts[2]**

Ms. Carlson is a 36-year-old woman who lives with her mother and father. ECF No. 11, at 69. At the time of the hearing, Ms. Carlson had a ten-year-old daughter whom she cared for part-time. *Id.* at 70 & 649. In 1996, Ms. Carlson graduated from Apollo College with a medical billing certificate. *Id.* at 70. Ms. Carlson has worked as a medical biller, a certified nursing assistant, a secretary, a seasonal employee at Toys "R" Us, and an office manager. *Id.* at 70-71.

On January 2, 2007, Ms. Carlson was in a serious roll-over car accident. *Id.* at 71-72. As a result of the accident, she experienced back pain, left leg pain, and left shoulder pain, which made it difficult for her to sit, walk, and bend over. *Id.* at 72. Ms. Carlson was medically excused from work as the office manager at the psychologist's office for a year, and she thereafter did not return to work. *Id.* at 73.

In June 2009, Ms. Carlson underwent low back fusion surgery. *Id.* at 75. Five months after that surgery, Ms. Carlson was involved in another car accident; her vehicle was rear-ended by a truck while she was stopped at a stoplight. *Id.* at 76. As a result, Ms. Carlson began

---

[2] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

ORDER - 2

to suffer back pain, right shoulder pain, and daily headaches. *Id.* at 76-79.

Ms. Carlson sprained both ankles in March 2010. *Id.* at 81. She had surgery on her right ankle in May 2010, and then on her left ankle in 2011. *Id.* at 625 & 686. On September 14, 2010, Ms. Carlson had right shoulder surgery to repair a tear in her shoulder. *Id.* at 80. Ms. Carlson was assaulted several days before the administrative hearing and was concerned that she reinjured her shoulder as she experienced pain. *Id.* at 88-89. She received follow-up treatment for her shoulder pain. *Id.* at 632-686.

Ms. Carlson vacuums, does light kitchen work, and uses a "grabber" to lift items from the bedroom floor. *Id.* at 89. She does her laundry about every three weeks. *Id.* at 90-91. Ms. Carlson's ability to sleep is limited due to her back, neck, or shoulder pain. *Id.* at 91. Ms. Carlson takes medicine for depression and anxiety. *Id.* at 92. Ms. Carlson drives a car without any problems. *Id.* at 93.

**B.    Procedural History**

In February 2009, Ms. Carlson filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits (hereinafter, "claim for benefits"), alleging an onset of disability beginning January 2, 2007, due to lumbar disc disease, irritable bowel syndrome, shoulder tendonitis, hypothyroidism, high blood pressure, somatoform disorder, and dysthymic disorder. ECF No. 11 at 100, 163-174. Her claims for benefits were denied, *id.* at 100-103, and her request for reconsideration of that denial was denied, *id.* at

ORDER - 3

104-115. Ms. Carlson then requested an administrative hearing, which was held on November 10, 2010, before ALJ R. J. Payne. *Id.* at 43-95. On November 24, 2010, the ALJ issued a partially favorable decision on Ms. Carlson's claim for benefits, ruling that she was disabled from the alleged onset date of January 2, 2007, through October 23, 2009. *Id.* at 20-32. The Appeals Council thereafter denied Ms. Carlson's request for review. *Id.* at 1-6.

On January 11, 2012, Ms. Carlson filed this lawsuit, claiming the ALJ's decision that her disability ended as of October 23, 2009, is not supported by substantial evidence. ECF No. 5. On July 26, 2012, Ms. Carlson filed her Motion for Summary Judgment, ECF No. 14, and on September 10, 2012, the Commissioner filed its Motion for Summary Judgment, ECF No. 17.

**C.    Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§

ORDER - 4

404.1520(b), 416.920(b). If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work she has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

ORDER - 5

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if her impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**D. Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision). Substantial evidence is more than a mere scintilla, *Sorenson*

*v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**E.  Analysis**

Ms. Carlson argues the record necessitates a finding that she is more limited psychologically and physically than the ALJ determined after October 23, 2009. To support her argument that she has a severe mental impairment, Ms. Carlson points to 1) Dr. Scott Mabee's diagnosis that Ms. Carlson suffers from an undifferentiated somatoform disorder, a dysthymic disorder, a major depressive disorder, and a personality disorder; 2) post-Octber 2009 Northwest Orthopedic Specialists' records indicating Ms. Carlson has a history of depression and anxiety and is prescribed Cymbalta and Wellbutrin; and 3) Dr. Mary Gentile's opinion that Ms. Carlson suffers from an affective disorder, somatoform disorder, and personality disorder.

After reviewing the record, the Court finds the ALJ applied the proper legal standards and that his decision is supported by substantial

ORDER ~ 7

evidence in the records. The ALJ addressed Ms. Carlson's headaches, ankle pain, and right shoulder pain; the related medical documentation; and her lifestyle activities. The ALJ also appropriately explained his reason for rejecting Dr. Scott Mabee's November 24, 2009 opinion and appropriately relied on Dr. Ronald Klein's opinion that Ms. Carlson does not have a severe mental impairment. The ALJ's decision that Ms. Carlson's impairments do not constitute an impairment or combination of impairments of such severity that she is prevented from returning to work as a medical biller after October 23, 2009, is supported by the record. Although the Court may have reached a different end-of-disability date as the ALJ, there is substantial evidence in the record to support the ALJ's determination that Ms. Carlson no longer suffered a severe impairment or combination of impairments that made her unable to perform past relevant work as a medical biller after October 23, 2009.

**E.  Conclusion**

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Ms. Carlson was no longer disabled after October 23, 2009. For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Ms. Carlson's Motion for Summary Judgment, **ECF No. 14**, is **DENIED.**

2. The Commissioner's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

3. **JUDGMENT** is to be entered in the Commissioner's favor.

///

ORDER - 8

4.   The case shall be **CLOSED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of July 2013.

    s/ Edward F. Shea    .
    EDWARD F. SHEA
    Senior United States District Judge

Q:\EFS\Civil\2012\0042.social.sec.lc1.docx

ORDER - 9